Tomás Molini Ruiz, Petitioner, *v.* Industrial Commission of Puerto Rico and Bernabé Cruz, Respondents.

No. 152. Argued December 19, 1938.—Decided March 29, 1939.

*Lucien Longchamps* for petitioner. Defendants did not appear.

Mr. Justice Wolf delivered the opinion of the Court.

This appeal is governed by the Workmen's Accident Compensation Act of 1928 as subsequently amended. (Act No. 85 of 1928, Session Laws, p. 630.) The only question involved is one as to the validity of a settlement made between a workman and an uninsured employer. Briefly summarized, the sequence of events was the following:

Benjamín Cruz suffered an accident sometime in 1933 which resulted in his death. His father, Bernabé Cruz, as the only dependent beneficiary, filed the corresponding claim for compensation with the Industrial Commission and a hearing was held thereon on the 5th of March 1937. On May 20, 1937, the employer, Tomás Molini Ruiz, and the workman's beneficiary settled the claim between them for the sum of $700 which was duly paid to the beneficiary. This transaction was authenticated by affidavit No. 1841 taken before notary public, Ángel Padró.

On April 19, 1938, the Industrial Commission rendered a decision sustaining the claim of Bernabé Cruz, declaring Tomás Molini Ruiz to be an uninsured employer in violation of law, and awarding the amount of $2,000 for compensation. Thereafter on April 25, 1938, the parties by their attorneys filed a stipulation setting forth the terms of the settlement consummated by them and moved that the Commission set aside its decision and file away the case. By order of May 20, 1938, the commission refused to accede to the above petition on the basis of section 21 of Act No. 85 of 1928. After reconsideration was denied the petitioner, Tomás Molini Ruiz, filed the present appeal.

Section 21 of Act No. 85 of 1928 as amended by Act No. 78 of 1931 (Session Laws, p. 476, 488) provides:

"Section 21.—Every agreement, settlement or compromise made between a workman or an employer or his insurer as regards accident, disease or death compensation under this Act, shall be null unless submitted to the Industrial Commission for approval as provided herein; and if approved, shall have the effect of relieving the

employer of any ulterior liability for such accident, disease, or death as may be the ground of said agreement or settlement; *Provided,* That the Industrial Commission shall have power to approve such agreement or settlement only when the terms thereof are in accordance with the provisions of this Act; *and provided, further, That the provisions of this Act respecting agreements do not refer to such agreements as may be made between workmen and employers who, in violation of law have not insured in any of the forms provided by section 26, in which cases the procedure fixed by section 25 shall be followed.''* (Italics ours, except under the introductory phrases to the provisos.)

The employer in this case fell squarely within the terms of the last proviso as he was uninsured under either of the three forms provided by section 26. Hence, under said section, no settlement could take the case away from the commission.

Section 25 of the Act of 1928, supra, as amended by Act No. 49 of 1930 (Session Laws, p. 394) reads:

''Section 25.—In case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Industrial Commission shall determine proper compensation, plus expenses incurred by it, and shall certify its decision to the Treasurer of Porto Rico who shall assess said compensation, plus expenses, on the employer and collect them from him; and both such compensation and such expenses shall constitute a lien on all the property of said employer, with the same legal effect and priority as if it were a tax levied on such property; *Provided, however,* That the Commission shall grant both the employer and the laborer in the case an opportunity to be heard and to defend themselves, and shall conform as far as possible to the practices observed by the district courts; *And provided, further,* That the parties having been summoned in such manner as the Commission may adopt, if any of them fail to appear for hearing and to defend himself, it shall be considered that such party waives his right, and the Industrial Commission may, without further delay, render a judgment in default.''

The Industrial Commission, in its decision, quoted section 21, supra, which section by its own terms excludes those agreements *''made between workmen and employers who, in*

*violation of law have not insured in any of the forms provided by section 26, . . ."* It is our opinion, therefore, as indicated, that under the wording of section 21, the provisions of the Act of 1928 *respecting agreements* do not refer to the agreement in this case.

Then we come to consider whether the settlement by the parties should be given recognition by the Commission. Section 25, makes no reference to agreements or settlements. Does this mean that it was the intention of the legislature, in cases of uninsured employers, to eliminate all possibility of a compromise or settlement between the parties? No brief or argument has been presented to support the decision of the Commission.

The only case which we have been able to find in this jurisdiction touching upon a similar question is that of *Nicot v. Workmen's Relief Commission*, 35 P.R.R. 747, which was decided under the Workmen's Compensation Act of 1918 (Act No. 10, Session Laws, p. 54). In that case an employee suffered an ordinary accident while working for an employer uninsured in violation of law. While his claim was pending, the workman filed a writing requesting that the proceedings be dismissed on the grounds (*a*) that the case was not covered by the Workmen's Compensation Act, and (*b*) that he had received all necessary care from his employer, reserving his right to bring an action before the proper court. It appears from the opinion that on that same date the workman signed a settlement by which, in consideration of the sums of $42.50 and $43.50 received, plus the medical expenses incurred by the employer, "he waived absolutely his right under the law, acknowledging that the sums received by him satisfactorily compensated him for the injury suffered by the accident." The Commission refused to dismiss and after a full hearing, awarded the employee $500 compensation. From the opinion of the Commission it appeared that the employee had settled under the mistaken belief that he could not obtain more than the amounts received, from the Commission. The district

court affirmed the award and on appeal this court ratified the lower court's decision. To quote from the opinion of Mr. Justice Franco Soto in the case:

"The appellant alleges that the lower court erred in concluding that the Workmen's Relief Commission can take cognizance of a case wherein the interested party withdrew his claim because he had been compensated by his employer, the said commission thereby interfering with the rights of citizens freely to enter into contracts and thus violating the Organic Act and the Constitution of the United States.

"Article 21 of Act No. 10, known as the Workmen's Accident Compensation Act, approved February 25, 1918, provides as follows:

> " 'Nothing in this Act contained shall be interpreted as depriving the injured workman, or his heirs, in accordance with this Act, in case of death, of waiving the provisions of this Act at any time prior to receiving compensation under this Act and to claim and recover damages from his employer, in accordance with the provisions of the law before this Act takes effect, when the injuries sustained by the said workman were caused by the illegal act or gross negligence of his employer; *Provided,* That only in case of waiver shall the workman (*sic*) comprised in this Act, or their heirs n accordance with the same, have the right to institute an action for damages against the employer.'

"This last provision seems to indicate the only case in which the injured workman, or his heirs, may bring an action for damages against the employer, that is, when the injuries sustained by the said workman may have been caused by the illegal act or gross negligence of his employer. In that respect the settlement made by an employer and a workman is binding only as between themselves, and is confined to the action which the said workman may bring before the courts. To judge from its wording the waiver admits of no other interpretation. Otherwise the settlement is not binding on the Workmen's Relief Commission, which, under the circumstances in this case, had exclusive jurisdiction to take cognizance of the same and decide it as it did."

As may be seen from reading the statute, the Act of 1918 had no provision for compromises or agreements between injured workmen and employers. The court in the Nicot case

decided that the only instance or situation where a workman could validly waive his rights under the act was when the accident should have occurred through an unlawful act or the gross negligence of his employer, and that a settlement under any other set of facts would not be binding on the Workmen's Relief Commission. It was only in that special case, and then only after a waiver, that the workmen could bring an action for damages against the employer.

Under the Act of 1928, as amended, workmen and *insured employers* could submit settlements for the approbal of the Commission. *Uninsured employers* were intentionally left out of the above provisions. (See section 21.) Under this act uninsured employers were subject to both a civil action and a claim under the statute and had to satisfy the higher of the two awards.

Following the *Nicot* decision, uninsured employers under the Act of 1928 would be in the same relative position with regard to the possibility of agreements, compromises or settlements, that all employers were under the Act of 1918. This would mean that as the statute makes no provision for agreements between workmen and uninsured employers they cannot, by attempting to settle the claim between themselves, take the case away from the commission. Action or judgment by the commission is the rule in these cases. The exception should be clearly shown.

In the Nicot case, the workman explained why he had settled. In this case we have no such explanation but it appears from the record that the workman's beneficiary could not write, and hence possibly could not read, and that he settled a case of a fatal injury for $700 when the minimum provided by section 3, subdivision (5) of the Act of 1928, was $1,000 and the maximum, $3,000. We mention these facts to show the disadvantage at which the beneficiary settled and to bring out the soundness of the reasoning in the Nicot case.

For the reasons stated we are of the opinion that the settlement in this case was not authorized by the Act of 1928, supra, and that therefore the Industrial Commission was not bound by it.

The decisions appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of the case.